945 F.2d 409
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Matthias Sanya MICHAELS, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 90-70460.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1991.*
Decided Oct. 8, 1991.
 
 Before HUG, WILLIAM A. NORRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Matthias Sanya Michaels petitions pro se for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the immigration judge's ("IJ") decision denying his applications for asylum and withholding of deportation pursuant to 8 U.S.C. §§ 1101(a)(42)(A) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105(a), and deny the petition for review.
 
 
 3
 Michaels is allegedly a native and citizen of South Africa. Michaels initially entered this country from Nigeria in 1981 under an assumed name on a visitor's visa. Michaels was convicted in 1983 of mail fraud and possession of stolen obligations. After serving his sentence, he was deported to Nigeria in 1986. He claims he was held in Nigeria by immigration for using false documents. Nigerian officials contacted South Africa about repatriating him, but received no positive response. In September 1986, Michaels reentered this country under another assumed name, with a false passport and a visitor's visa. Michaels was arrested and convicted for reentering the country after having been deported. Deportation proceedings were begun, and the IJ found Michaels deportable under 8 U.S.C. § 1251(a)(1). The IJ found Michaels ineligible for asylum or withholding of deportation, based on Michaels's lack of credibility. The BIA dismissed Michaels' appeal.
 
 
 4
 Our review is limited to the BIA's decision. Canas-Segovia v. INS, 902 F.2d 717, 721 (9th Cir.1990), petition for cert. filed, (U.S. Feb. 6, 1991) (No. 90-1246). We review the BIA's factual determinations regarding an alien's statutory eligibility for asylum or withholding of deportation under the substantial evidence test. Aguilera-Cota v. INS, 914 F.2d 1375, 1378 (9th Cir.1990). We also review the BIA's findings regarding the petitioner's credibility under the substantial evidence standard. Id.
 
 
 5
 In order to establish statutory eligibility for asylum as a refugee under 8 U.S.C. § 1101(a)(42)(A), an applicant must prove a "well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." If statutory eligibility is established, the Attorney General may, as a matter of discretion, grant asylum. Barraza Rivera v. INS, 913 F.2d 1443, 1449 (9th Cir.1990). To be eligible for withholding of deportation under 8 U.S.C. § 1253(h)(1), the applicant must demonstrate "a clear probability of persecution." Id.
 
 
 6
 To establish a "well-founded fear of persecution," an alien must meet the subjective requirement of a showing of genuine fear, as well as an objective standard requiring that the fear be reasonable. Aguilera-Cota, 914 F.2d at 1378; Beltran-Zavala v. INS, 912 F.2d 1027, 1030 (9th Cir.1990). "Asylum applicants must present 'specific facts' through objective evidence to prove either past persecution or 'good reason' to fear future persecution." Aguilera-Cota, 914 F.2d at 1378. Objective facts supporting a fear of persecution may be established through direct, credible, and persuasive evidence. Id.
 
 
 7
 We agree that Michaels has failed to establish statutory eligibility for asylum because he has failed to establish a "well-founded fear of persecution." Michaels testified that he was not allowed to attend public schools in Nigeria because he was not a Nigerian citizen. This does not constitute persecution within the statutory definition of section 1101(a). Michaels testified that because of civil wars in Nigeria in the seventies, he fled to other countries twice. General conditions of violence and social chaos, however, are insufficient to establish statutory eligibility for asylum. Sanchez-Trujillo v. INS, 801 F.2d 1571, 1577 (9th Cir.1986). Michaels did not testify that he was singled out for persecution during these periods. See id. Further, Michaels also testified that he returned to Nigeria after each of these periods and lived without persecution. Finally, Michaels' detention by Nigerian immigration officials upon his deportation to Nigeria in 1986 does not constitute persecution. Michaels admits that he was detained for using a false passport to leave the country. Criminal prosecution normally will not be persecution within the definition of section 1101(a)(42)(A). Mabugat v. INS, 937 F.2d 426, 429 (9th Cir.1991). Thus, Michaels failed to establish a well-founded fear of persecution in Nigeria.
 
 
 8
 Michaels also testified that he feared persecution in South Africa based on his father's death in 1980, the stoning of his house when he was a child, and apartheid, especially because he was considered an outcast because his father was of mixed race. Michaels testified that he left South Africa with his mother when he was eight and had not returned since. Michaels produced no evidence to prove his South African citizenship or to prove that Nigeria would send him to South Africa. Where the fear of persecution is based on testimony alone, credibility is a crucial factor. Bolanos-Hernandez v. INS, 767 F.2d 1277, 1285-88 (9th Cir.1985). We agree with the BIA that Michaels testimony was not credible. Michael's testimony and application were full of contradictions and inconsistencies. Thus, there was substantial evidence to support the BIA's finding that Michaels' testimony regarding fear of persecution in South Africa was not credible. See Aguilera-Cota, 914 F.2d at 1375.
 
 
 9
 Michaels failed to carry his burden of proving a well-founded fear of persecution in either Nigeria or South Africa. Thus, the BIA correctly found that Michaels was statutorily ineligible for asylum.[1] Further, because Michaels has failed to establish a "well-founded fear of persecution," he has also failed to meet the higher standard of "clear probability of persecution" required for withholding of deportation. See Barraza Rivera, 913 F.2d at 1449.
 
 
 10
 Finally, Michaels contends that he was subjected to double jeopardy when he was deported based on his past criminal convictions. Deportation proceedings are civil proceedings before the immigration court rather than criminal proceedings. LeTourneur v. INS, 538 F.2d 1368, 1370 (9th Cir.1976), cert. denied, 429 U.S. 1044 (1977). Thus, Michaels' deportation proceedings do not constitute double jeopardy.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Michaels also contends that he is being denied asylum in violation of the United Nations Protocol Relating to the Status of Refugees. The United Nations Protocol uses the same definition of refugee as Title 8. Michaels has failed to establish that he is a refugee within the meaning of this definition